UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAIFUSIN CHIU,<br><br>    Plaintiff,<br><br>  v.<br><br>THE PRESIDENT OF U.S., *et al.*,<br><br>    Defendants. | Case No. 2:23-cv-00098-KJM-JDP (PS)<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS<br><br>ECF No. 2<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S COMPLAINT BE DISMISSED AS FRIVOLOUS<br><br>ECF No. 1<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff filed a complaint purporting to assert claims against the President of the United States and Iu Mien from Church, together with an application to proceed *in forma pauperis*. His complaint, however, fails to state a claim, and I will recommend that it be dismissed as frivolous. I will grant plaintiff's application to proceed *in forma pauperis*, ECF No. 2, which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2).

**Screening and Pleading Requirements**

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not

require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff's complaint is unintelligible and devoid of factual allegations regarding an identifiable incident. *See generally* ECF No. 1. For example, plaintiff states in the complaint, "[h]e beat the cramp or knock out the Asian or me which he never touch me before and makes agreement to let him down payment world debt for $125 per month and shake his head for world debt and let him join the team pay off the world debt for 5 year and after 5 year and your free to go ad automatic deduction from your employees check as highest achievement and obtain Medal of Honor award," *id.* at 3, and "[i]f sky and land overall life achievement rank bond big than earth rank bond and qualify free all debt as highest achievement and obtain Medal of Honor award." *id.* at 5.

Plaintiff's complaint fails to comport with Rule 8's requirement that it present a short and plain statement of plaintiff's claims. *See* Fed. R. Civ. P. 8(a). Plaintiff names the President of the United States and Iu Mien from Church as defendants but asserts no intelligible facts relating to them. Moreover, plaintiff's allegations against these defendants do not identify any actions taken

2

1  by them that could support a claim for relief. *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646,
2  649 (9th Cir. 1984) ("The plaintiff must allege with at least some degree of particularity overt acts
3  which defendants engaged in that support the plaintiff's claim."). Plaintiff must allege with at
4  least some degree of particularity overt acts of defendants that support his claims. *Id.*

5      The operative complaint should be dismissed for failure to state a claim. Given plaintiff's
6  allegations, I find that granting an opportunity to amend would not cure the complaint's
7  deficiencies, and so I recommend that the dismissal be without further leave to amend.[1] *See*
8  *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (per curiam) ("Dismissal of a pro
9  se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of
10 the complaint could not be cured by amendment.") (internal quotation marks and citations
11 omitted).

12     Accordingly, it is hereby ORDERED that plaintiff's request for leave to proceed *in forma*
13 *pauperis*, ECF No. 2, is granted.

14     Furthermore, it is hereby RECOMMENDED that:

15     1.  Plaintiff's complaint, ECF No. 1, be dismissed without leave to amend.

16     2.  The Clerk of Court be directed to close this matter.

17     These findings and recommendations are submitted to the United States District Judge
18 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days
19 after being served with these findings and recommendations, any party may file written
20 objections with the court and serve a copy on all parties. Such a document should be captioned
21 "Objections to Magistrate Judge's Findings and Recommendations." Any response to the
22 objections shall be served and filed within fourteen days after service of the objections. The
23 parties are advised that failure to file objections within the specified time may waive the right to

---

[1] Plaintiff has filed other cases resembling this the complaint, and none have survived screening. *See Chiu v. Trump*, 2:22-cv-00764-KJM-AC (PS) (May 11, 2022 E.D. Cal) (plaintiff's complaint dismissed without leave to amend and with prejudice); *Chiu v. President of the United States*, 2:22-cv-00809-TLN-DB (PS) (Oct. 24, 2022 E.D. Cal) (plaintiff's complaint dismissed without leave to amend); *Chiu v. Extra Storage Space*, 2:23-cv-00099-KJM-AC (PS) (Jan. 23, 2023 E.D. Cal) (plaintiff's complaint dismissed without leave to amend).

appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   April 6, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4